[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10790
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-00235-SLB-RRA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRYL COBB,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(March 25, 2013)

Before BARKETT, MARCUS and KRAVITCH , Circuit Judges.

PER CURIAM:

Darryl Cobb appeals his above-guideline sentence of 60 months, imposed after he pleaded guilty to two counts of aiding and abetting mail fraud, in violation of 18 U.S.C. §§ 1341, 1342. As part of his guilty plea, Cobb admitted to committing three mortgage fraud transactions that resulted in him obtaining $262,861 for properties he never owned.  After calculating an advisory guidelines sentence of 27 to 33 months of imprisonment, the district court granted the government's U.S.S.G. § 5K1.1 motion for downward departure based on Cobb's substantial assistance.  However, it then found that the resulting guideline range of 24 to 30 months was inadequate in light of the 18 U.S.C. § 3553(a) factors, emphasizing that the guideline range did not capture Cobb's extensive criminal history. As a result, it varied upwards from the guideline range and imposed a sentence of 60 months.   On appeal, Cobb argues that his sentence was both procedurally and substantively unreasonable.  We review the final sentence imposed by the district court for reasonableness under the deferential abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 46 (2007).

## I. Procedural Reasonableness

(A)    § 5K1.1 Downward Departure and § 3553(a) Upward Variance

Cobb argues that, by imposing a downward departure under § 5K1.1 and then varying upward based on the § 3553(a) factors, the court prevented him from receiving any practical benefit from his substantial cooperation with the

2

government, in contravention of the underlying principle of § 5K1.1 to promote cooperation with the government.

When reviewing a sentence for procedural reasonableness, we must first ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range. Gall. at 51. Departures are part of the process of applying the Guidelines. See United States v. Jordi, 418 F.3d 1212, 1215 (11th Cir. 2005) (holding that, if the district court fails to appropriately consider any departures that are warranted, "it by necessity failed to properly consider the guidelines"). After the district court has decided the length of a departure under § 5K1.1, it must then "take into account the advisory Guidelines range and the sentencing factors set forth in 18 U.S.C. § 3553(a) in fashioning a reasonable sentence." United States v. McVay, 447 F.3d 1348, 1356 (11th Cir. 2006) (citing United States v. Booker, 543 U.S. 220, 259-60 (2005)) (emphasis in original).

The district court in this case first granted the government's § 5K1.1 motion, then considered the advisory guideline range, found it inadequate, and imposed an upward variance after considering the § 3553(a) factors. Thus, the court's procedure was reasonable. See McVay, 447 F.3d at 1356. Moreover, nothing in the record shows that the court denied Cobb the benefit of the departure of the §5k1.1 motion. The court noted that, before it realized the government had filed a

3

§ 5K1.1 motion, it was considering imposing a six-year sentence. Thus, but for the government's motion, Cobb likely would have faced a sentence of six years (72 months), which was higher than the final sentence of 60 months that Cobb received after the motion and the variance. The court also explicitly stated that it wanted to give Cobb the benefit of the government's motion, because otherwise it would hurt the government's chances of receiving cooperation. Thus, the court was mindful of the purposes underlying substantial assistance motions and wanted to ensure that such purposes were met. Accordingly, the sentence is procedurally reasonable in this regard, as the district court did not improperly calculate the guideline range. See Gall, 552 U.S. at 51.

(B)    Failure to Consider Upward Departure Under U.S.S.G. § 4A1.3

Next, Cobb argues that his sentence is procedurally unreasonable because the district court failed to consider an upward departure under U.S.S.G. § 4A1.3 before imposing an upward variance under § 3553(a). Cobb argues that the district court began the upward departure process under § 4A1.3 when it asked the probation officer to recalculate Cobb's guideline range to include some of his prior convictions that were not counted under the original guideline sentence but then ultimately failed to complete the upward departure analysis. Cobb contends that the district court's aborted upward departure analysis followed by its imposition of an upward variance made his sentence procedurally unreasonable.

However, we do not think that the district court ever began an upward departure analysis under § 4A1.3. Although the district court used language similar to that found in § 4A1.3, its comments were made as part of a larger § 3553(a) analysis, namely the history and characteristics of the defendant. See 18 U.S.C. § 3553(a)(1). The court discussed Cobb's criminal history alongside its consideration of the nature and circumstances of the offense, the need to promote respect for the law, provide just punishment, afford adequate deterrence to Cobb and others, and protect the public from further crimes. 18 U.S.C. §§ 3553(a)(1), (2)(A)-(C). Thus, by discussing Cobb's criminal history in the context of imposing an upward variance, the district court was not necessarily beginning the process of conducting an upward departure analysis under § 4A1.3. Moreover, we have held in an analogous context that the district court is not required to impose an enhancement before imposing a variance. See United States v. Rodriguez, 628 F.3d 1258, 1264 (11th Cir. 2010) (affirming the district court's decision to vary upward under § 3553(a) based on multiple victims involved in the offense, and rejecting the argument that the court should have first considered an enhancement under U.S.S.G. § 2B1.1(b) as the "proper mechanism" for considering multiple victims). Accordingly, the district court here was not required to first consider imposing a departure under § 4A1.3 before imposing a variance under § 3553(a). Therefore, Cobb's sentence is not procedurally unreasonable on this ground.

(C)     Explanation of Sentence

Next, Cobb argues that his sentence is procedurally unreasonable because the district court did not state its reasons for the upward variance on the record after defense counsel expressly requested an explanation.  A district court commits procedural error when it fails "to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. "The sentencing [court] should set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). However, the district court need not discuss or explicitly state on the record that it has considered each § 3553(a) factor.  United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

Here, the district court adequately explained the reasons for Cobb's sentence.  It explicitly and thoroughly discussed the § 3553(a) factors, including: Cobb's history and characteristics; the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes. See 18 U.S.C. §§ 3553(a)(1), (2)(A)-(C). The court's explanation of Cobb's sentence in this regard was sufficient to show that the district court was exercising a reasoned basis for its sentence and the court

6

adequately explained its reasons for Cobb's sentence as a result. Accordingly, Cobb's sentence was not procedurally unreasonable in this regard.

## II. Substantive Reasonableness

Finally, Cobb argues that his sentence was substantively unreasonable because the district court unjustifiably focused on his criminal history to the exclusion of the other § 3553(a) factors. The party challenging a sentence bears the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The weight to be accorded any particular § 3553(a) factor is a matter committed to the discretion of the district court. United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008). However, a district court's "unjustified reliance upon any one § 3553(a) factor is a symptom of an unreasonable sentence." United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006) (internal quotations omitted). We will vacate a sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).

Cobb has not established that his sentence is substantively unreasonable in light of the record and the § 3553(a) factors. Although the district court

7

emphasized Cobb's history and characteristics, the weight to be accorded any particular § 3553(a) factor is a matter committed to the discretion of the district court.  See Williams, 526 F.3d at 1322.  After discussing Cobb's history, the court further found that a lesser sentence would be wholly inadequate to reflect the seriousness of the sophisticated fraud offense. 18 U.S.C. § 3553(a)(2)(A).  And considering Cobb's history of recidivism, the sentencing court determined that a shorter sentence would not promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from his further crimes.  Id. § 3553(a)(2)(A)-(C).  Thus, the district court did not focus "single-mindedly" on Cobb's criminal history.  See, e.g., Crisp, 454 F.3d at 1292.  Moreover, the 60-month (5-year) sentence was well below the statutory maximum of 20 years, another indicator of reasonableness.  See, e.g., United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).  Thus, in consideration of the record and the § 3553(a) factors, Cobb's 60-month sentence does not lie outside the range of reasonable sentences. Cobb's sentence is not substantively unreasonable.

**AFFIRMED.**